UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-351 (JWB/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER ADESOJI FALADE and )<br>EMMANUEL OLUWADEMILADE FALADE, )<br>)<br>Defendants. ) | **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR TRAVEL AUTHORIZATION** |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, Matthew C. Murphy, and Daniel Bobier, Assistant U.S. Attorneys, respectfully submits the following response to defendants' motion for travel authorization. Dkt. Nos. 31 & 33.

**I.   BACKGROUND**

Defendants Christopher Adesoji Falade and his son Emmanuel Oluwademilade Falade were indicted on September 17, 2025, for defrauding Minnesota's Housing Stability Services Program ("HSS Program"), a Medical Assistance benefit intended to help people with disabilities, including seniors and people with mental illness and substance use disorder, find and maintain housing. To facilitate the fraud, the defendants enrolled Faladcare Inc., a company they controlled, as an HSS Program provider. As an HSS Program provider, Faladcare was supposed to provide housing consulting, transitioning, and sustaining services to qualified beneficiaries. Rather than provide such help, the defendants obtained the

names of HSS Program-eligible beneficiaries and used those individuals' information to submit inflated and fake reimbursement claims.

Between July 2020 and June 2025, the defendants and their company submitted reimbursement claims totaling over $2.2 million, far exceeding the services they and their company actually provided. During that same period, Faladcare paid defendant Christopher Falade over $480,000 and defendant Emmanuel Falade over $375,000. If convicted, defendants face over five years' imprisonment.

On November 4, 2025, defendant Emmanuel Falade filed a motion seeking the Court's permission to travel to Nigeria to visit his wife and newborn child. Dkt. No. 31. On November 7, 2025, defendant Christopher Falade filed a similar motion to travel to Nigeria with his wife and defendant Emmanuel Falade to visit his newborn grandchild. Dkt, No. 33. The government opposes both motions.

## II.   DEFENDANTS' MOTIONS SHOULD BE DENIED

### A.   Courts routinely deny motions to travel internationally

As an initial matter, there is nothing that would assure the Court or the government that the defendants will return if allowed to leave the country. The pretrial services office has no ability or authority to supervise a defendant in another sovereign country. The Court has no ability or authority to compel a defendant in another sovereign country to appear in court on criminal charges. And the government has no ability or authority to arrest a defendant in another sovereign country. Indeed, depending on the country, the government may not even have the ability to extradite a defendant who flees to another sovereign country. In short, if the defendants are allowed to leave the United States, it is entirely their own decision

whether to return to face prosecution. Neither the Court nor the government can compel them to appear.

Courts impose travel restrictions for defendants as a standard condition of pretrial release. Most defendants are not allowed to leave the state, let alone the country, while on pretrial release. And international travel poses an inherent risk that a defendant will flee the country and jurisdiction of the federal courts. For this reason, courts routinely deny motions to permit international travel. *See, e.g.*, *United States v. Asad Mohamed Abshir*, 22 CR 223(11) (NEB/DTS), Dkt. No. 654 (May 7, 2025) (denying motion to travel to Turkey); *United States v. Ahmed Omar-Hashim*, 22 CR 223(5) (NEB/DTS), Dkt. No. 231 (Jan 22, 2024) (denying motion to travel to Kenya); *United States v. Tavlin*, 22 CR 134(1) (DWF/JFD), Dkt. No. 50 (Sept. 2, 2022) (denying motion to permit 3-day trip to the Netherlands); *United States v. Gilbertson*, 17 CR 66 (PJS/HB), Dkt. No. 47 (June 14, 2017) (denying defendant's motion to permit travel to France for 10 days).

**B.   The Court should deny defendants' motions because they pose a significant risk of flight and there is no way to ensure they will return to the United States for prosecution.**

Here, the nature of this case presents a significant motive to flee. Both defendants have been charged in a massive scheme to defraud the HSS Program. If convicted, they face substantial prison time and millions of dollars in restitution. If the defendants are allowed to leave the country, they will have significant motive and temptation not to return to face prosecution in this matter.

In addition to facing prosecution in the United States, the defendants have significant ties to Nigeria, the country they would travel to. Both defendants were

born in Nigeria and have significant family ties there. Emmanual Falade's wife and child, and Christpher Falade's grandchild, live in Nigeria. The defendants also propose traveling together—along with defendant Christopher Falade's wife who is also defendant Emmanuel Falade's mother—leaving none of defendants' immediately family in Minnesota. Moreover, records received by the government indicate that Christopher Falade has a Nigerian bank account, to which defendant Emmanuel Falade has previously wired money. In short, unlike most criminal defendants, international flight is a real possibility for these defendants because they can seamlessly resume life in a country they have lived in before and in which they already have family and money.

Based on these circumstances, the defendant's request should be denied.

### III.  CONCLUSION

For the reasons set forth above, the government respectfully requests that defendant's motion for travel order be denied.

Dated: November 10, 2025

            Respectfully Submitted,

            DANIIEL N. ROSEN
            United States Attorney


BY:  /s/ *Matthew C. Murphy*
      DANIEL BOBIER
      MATHEW C. MURPHY
      Assistant U.S. Attorneys