UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-351 (JWB/JFD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S RESPONSE TO |
| v. | ) | GOVERNMENT'S SUPPLEMENTAL |
| | ) | MEMORANDUM RE EXCLUSION OF TIME |
| EMMANUEL OLUWADEMILADE | ) | |
| FALADE, | ) | |
| | ) | |
| Defendant. | ) | |

In its supplemental memorandum,[1] the government has now admitted that whether this Court grants the government's motion for a continuance or not, it intends to supersede the indictment. And depending on the nature of the new charges, and, in particular, whether new defendants are named, that superseding indictment may reset the speedy trial clock. In reality, therefore, the government's motion to set a trial date and exclude time is not an attempt to schedule a trial date. Rather, it is an effort by the government to permit it to return to the grand jury at its leisure, without regard to the limits of the Speedy Trial Act. This is not a basis for an ends-of-justice continuance.

The government's memorandum fails to establish that the ends of justice served by its requested continuance would outweigh the best interest of the public and the defendant in a speedy trial. The government failed to address many

---

[1] On July 3, 2026, the government served on the defendants the government's memorandum in response to this Court's Order. Doc. No. 72. It is unclear from the docket whether the government's memorandum has been filed with the Court.

pertinent questions, including those specified by this Court. Among the questions the government did not answer are the following:

1.    When was the trial in the Middle District of Florida scheduled for trial? If that case was already on the calendar at the time of the June 5, 2026 status conference in this case, as appears likely, why did the government not raise the potential scheduling conflict then?

2.    When did Mr. Beckering first become involved in the Middle District of Florida case? Whenever that happened, why did the government not take immediate steps at that point to ensure continuity in this matter and/or inform the Court of the potential conflict? Given that the government is currently represented by three separate prosecutors (and there are dozens more in the United States Attorney's Office for the District of Minnesota and the Fraud section of the DOJ), why was the government unable to supersede as it planned, notwithstanding the fact that Mr. Beckering was also involved in other matters?

3.    If the government had a legitimate basis to supersede either by adding charges or defendants, why did it wait until the last possible moment to do so? Why was it not preparing the superseding indictment while plea negotiations with Christopher Falade proceeded? And if, as appears likely, the superseding indictment involves charging additional defendants, why was that process delayed at all by those plea discussions? Presumably, the government's decision to indict other alleged conspirators would not depend on whether Christopher agreed to plead guilty.

The government's failure to address these questions speaks volumes. The Speedy Trial Act is explicit that an ends-of-justice continuance may not be granted because of the government's "lack of diligent preparation." 18 U.S.C. § 3161(h)(7)(C). This Court specifically ordered the government to address "when it became apparent that the Government would seek an ends-of-justice continuance rather than proceed to trial within the existing Speedy Trial Act period." Doc. No. 72 at 2. Although the government has failed to answer that question, it appears the writing was on the wall by June 16 at the very latest. By that date, the government knew that Christopher Falade intended to stand trial,[2] and Mr. Beckering was busy with other matters. Yet, an additional two weeks went by without the government taking steps to supersede and/or notifying the Court of its scheduling snafu.

The government has not established that it acted with due diligence. It has not established that a continuance would be in the best interest of justice. Accordingly, this Court should deny the government's motion.

Dated:  July 6, 2026

Respectfully submitted,

*s/ Robert D. Richman*
ROBERT D. RICHMAN
Attorney ID No. 226142

LAW OFFICES OF
ROBERT D. RICHMAN, LLC
P.O. Box 16643

---

[2] Even if Christopher Falade had agreed to resolve the case, that would not have solved the speedy trial problem with respect to Emmanuel Falade. He had informed the government weeks earlier that he planned to go to trial, and he was not part of the recent plea discussions with Christopher.

3

St. Louis Park, MN  55416
(651) 278-4987

Attorney for Defendant

4