UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-351 (JWB/JFD)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRISTOPHER ADESOJI FALADE and
EMMANUEL OLUWADEMILADE
FALADE,

        Defendants.

**GOVERNMENT'S COURT-
ORDERED SUPPLEMENTAL
MEMORANDUM**

The Court ordered that the United States file a memorandum related to the government's motion to set a trial date and exclude time through the set trial date, as a result of a superseding indictment, docketed on July 7, 2026. (Doc. No. 84). Specifically, the Court ordered that the United States address the effect of the superseding indictment on the Speedy Trial Act calculations. *Id.* 18 U.S.C. § 3161 is controlling.

As a starting point, the superseding indictment returned by the grand jury charges the original defendants—Christopher Falade and Emmanuel Falade—with four additional counts: Count 1-Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, and Counts 2 through 4-Health Care Fraud, in violation of 18 U.S.C. § 1347. (Doc. No. 83). Christopher Falade is charged in Count 9-False Statements Related to a Health Care Matter, in violation of 18 U.S.C. § 1035.

Additionally, a third defendant—Ernisha Roberts—is also charged in Counts 1 and 9.[1] *Id.*

18 U.S.C. § 3161(c)(1) says, "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." As applied here, none of the defendants have been arraigned on the superseding indictment, and therefore the time from July 7, 2026, through the date of arraignment on the new charges tolls the Speedy Trial Act period.

Further, the addition of Ernisha Roberts as a co-defendant requires the application of a new Speedy Trial Act period, applicable to all defendants. *See United States v. Flores-Lagonas*, 993 F.3d 550, 556 (8th Cir. 2021). In *Flores-Lagonas*, the defendant appealed the Speedy Trial Act determination of the district court, resetting the speedy trial clock after the addition of a co-defendant through a superseding indictment. *Id.* The Eighth Circuit upheld the district court's determination, holding "Flores-Lagonas's speedy-trial clock reset on February 1, 2016, when the superceding [sic] indictment was filed. On that date, his clock became tied to those of his newly added co-defendants. His clock again reset on March 29, 2016, when the last of the

---

[1] Ernisha Roberts is not included in the caption of this pleading as she has not yet been arraigned on the Superseding Indictment and has, therefore, not made an appearance in this case. Further, she was a not a party to the original motion in support of which this supplemental memorandum is filed.

three new co-defendants made his initial appearance." *Id.* The Court relied on its ruling in *United States v. Lightfoot*, 83 F.3d 876, 885–86 (8th Cir. 2007), in which it held:

> Pursuant to § 3161(h)(7), when a newly indicted or arraigned defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock will be reset so that it reflects the speedy trial clock of the newly added codefendant. Thereafter, all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants.

As applied here, the speedy trial clock for Ernisha Roberts will control the speedy trial clock for all defendants. Applying the calculation as articulated in *Flores-Lagonas*, the speedy trial clock reset on July 7, 2026, with the filing of the superseding indictment, and will reset again upon arraignment of Ernisha Roberts on the charges. At that point, as dictated in *Lightfoot*, all defendants will be subject to one controlling speedy trial clock.

Therefore, the Court should immediately adjourn the trial date, and all related dates, as requested in the government's motion. 18 U.S.C. § 3161 permits the court to set a trial date no less than 30 days and no greater than 70 days from the date of Roberts' arraignment. Given that a protective order has not yet been entered concerning Roberts, that voluminous discovery has not yet been produced to her or her counsel, and that she has not yet had the opportunity to file motions, the government recommends the following: (i) an immediate adjournment for defendants Christopher Falade and Emmanuel Falade of the trial date, and all related dates,

from July 7, 2026, through the date of arraignment on the superseding charges, (ii) upon arraignment of the superseding charges for Chirstopher Falade and Emmanuel Falade, adjournment of the trial date, and all related dates, to a date 70 days from their arraignment on the superseding charges, and (iii) a subsequent adjournment of the trial date, and all related dates, 70 days from the arraignment of Ernisha Roberts on the superseding indictment (assuming she is arraigned after Christopher Falade and Emmanuel Falade). These dates will be subject to additional requests for adjournment that may be made in coordination with counsel for Roberts, who has not had the benefit of nine months to prepare for trial granted counsel for her co-defendants.

Dated: July 8, 2026                    Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

LORINDA LARYEA
Chief, Fraud Section
Department of Justice
Criminal Division

/s/ *Shankar Ramamurthy*
SHANKAR RAMAMURTHY
Trial Attorney

4