**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Case No. 25-cr-00351 (JWB/JFD)**

---

United States of America,

Plaintiff,

v.

Christopher Adesoji Falade,

Defendant.

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS**

---

Defendant Christopher Falade, through his undersigned attorneys, has asked this Court for an order suppressing all evidence obtained and derived from the search warrant authorizing the search and seizure of the contents of a Samsung Galaxy cellular telephone that the Government attributes to Mr. Falade (the "Samsung Phone"). Please accept this Memorandum in further support of his Motion.

## GROUNDS

### I. The Warrant Affidavit Does Not Establish Probable Cause to Search <u>this</u> Samsung Phone.

The Fourth Amendment of the United States Constitution provides "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall

issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

A search warrant must be supported by an affidavit that establishes a fair probability that evidence of a crime will be found in the particular place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Although establishing probable cause "is not a high bar," *Kaley v. United States*, 571 U.S. 320, 338 (2014), it still requires "a showing of facts" that "create a fair probability that evidence of a crime will be found in the place to be searched," *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008) (per curiam) (internal quotations omitted). "Probable cause exists where there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Skoda*, 705 F.3d 834, 838 (8th Cir. 2013) (internal quotations omitted) (citing *United States v. Donnelly*, 475 F.3d 946, 954 (8th Cir. 2007) and quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

To determine whether probable cause exists, a court does not independently assess each piece of information; rather, it considers "all of the facts for their cumulative meaning." *United States v. Allen*, 297 F.3d 790, 794 (8th Cir. 2002). "[T]here must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue[.]" *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000). "Factors to consider in determining if a nexus exists include the nature of the crime and the reasonable, logical likelihood of finding useful evidence." *United States v. Johnson* 848 F.3d 872, 878 (8th Cir. 2017) (internal

quotations omitted) (quoting *United States v. Etheridge*, 165 F.3d 655, 657 (8th Cir. 1999)).

On September 19, 2025, Agent Kleipaida applied for and obtained a federal search warrant to search a "dark in color Samsung smartphone" that was seized from Christopher Falade during booking on September 18, 2025. *See* Attachment 1 (comprised of Search Warrant, Application, and Return).

The issue is that there are insufficient facts in the affidavit that tie the Samsung smartphone that was seized from Mr. Falade during the booking on **September 18, 2025,** to the alleged fraud scheme under investigation. The affidavit fails to establish a nexus between contraband and this phone. In other words, the affidavit does not establish a fair probability that evidence of a crime will be found on this phone.

The affiant broadly claims (in conclusory terms) that the investigation indicates that as part of his co-management of Faladcare, Christopher Falade "routinely used a Samsung Galaxy smartphone" in "many emails" obtained by law enforcement. Affidavit at ¶ 85.

However, the substantive fact supporting this claim is a single email that Mr. Falade allegedly sent in **August 2023** concerning a Faladcare lease. Affidavit at ¶ 85. The embedded image of that **August 2023** email shows a signature line that states: "Sent from my Verizon, Samsung Galaxy smartphone." Affidavit at ¶ 85.

The email is *two years removed* from the arrest in September 2025 where a Samsung phone was seized from Mr. Falade.

There are no facts in this application that tie this particular phone to any crime. There are no factual assertions, beyond speculation and conjecture, that this particular phone had anything to do with the instant fraud investigation.

Think about this: around the time that this email was allegedly sent in August 2023, Samsung had shipped 59.5M Samsung phones during that quarter (Q3, 2023). *See* https://www.idc.com/resource-center/press-releases/worldwide-smartphone-shipments-on-track-for-recovery-with-a-slight-decline-in-the-third-quarter-according-to-idc-tracker/ (last visited October 7, 2026). In Q4, 2023 Samsung shipped another 53M Samsung phones. *See* www.idc.com/resource-center/press-releases/apple-grabs-the-top-spot-in-the-smartphone-market-in-2023-along-with-record-high-market-share-despite-the-overall-market-dropping-3-2-according-to-idc-tracker/ (last visited October 7, 2026). The numbers of Samsung phones shipped persists in the MULTIPLE MILLIONS of phones, quarter over quarter, until we come to the date of the arrest on September 18, 2025, and seizure of the instant phone.

How often is a phone broken and replaced?

How often is a phone upgraded?

For better or worse, phones have become quite disposable. The phone one keeps today may be replaced easily tomorrow. The point is that while there might arguably have been probable cause to search some other Samsung Galaxy referred to in the August 2023 email, there is nothing in this Affidavit establishing that these are even the same phone. There is nothing showing that the subject phone has anything to do with that email or anything else related to this alleged fraud investigation. Therefore, the warrant to search the phone seized on September 18, 2025, is unsupported by probable cause and the evidence of its contents should be suppressed.

## II. *Leon* Good Faith Does Not Apply.

*Leon* good faith may save a defective warrant except "when the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and when the warrant is so facially deficient that no police officer could reasonably presume the warrant to be valid." *United States v. Proell*, 485 F.3d 427, 431 (8th Cir. 2007) (internal quotations omitted) (citing *United States v. Leon*, 468 U.S. 897, 923 (1984)). Given the dearth of facts in this affidavit, this is such a case.

SIGNATURE PAGE FOLLOWS

Respectfully submitted,

**PACYGA TRIAL LAWYERS**

Dated: October 8, 2026

By: /s/Ryan M. Pacyga

Ryan M. Pacyga (#321576)
860 Blue Gentian Rd., Ste. 175
Eagan, MN 55121
612-339-5844 (phone)
*ryan@mntriallaw.com*
*Attorney for Defendant*