UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v. CASE 0:25-cr-00351-JWB-JFD

ERNISHA ROBERTS,

Defendant.

**UNITED STATES' BRIEF IN RESPONSE TO DEFENDANT ERISHA ROBERTS'S MOTION TO DISMISS COUNT ONE AS DUPLICITOUS**

## Introduction

Acknowledging controlling Supreme Court precedent, Defendant Ernisha Roberts moves to dismiss Count One of the Indictment as duplicitous. Because the conspiracy charged in Count One alleging multiple objects is not duplicitous, the Court should deny the motion.

## Argument

"Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997) (quoting *United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995)). "The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *Id*. (quoting *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994)).

Here, Count One of the Superseding Indictment alleging a conspiracy to commit health care fraud and wire fraud and is not duplicitous because "[t]he

allegation in a single count of a conspiracy to commit several [offenses] is not duplicitous, for [t]he conspiracy is the crime, and that is one, however diverse its objects." *Braverman v. United States*, 317 U.S. 49, 54 (1942) (quotations and citations omitted). *See, e.g., United States v. Adams*, No. 15-cr-106 (PJS/FNL), 2016 WL 385965, at *10 (D. Minn. Jan. 7, 2016) (citing *United States v. Bauer*, 84 F.3d 1549, 1560 (9th Cir. 1996) ("An indictment is not duplicitous merely because it charges a conspiracy to commit more than one offense.")), *report and recommendation adopted*, 2016 WL 386035 (D. Minn. Feb. 1, 2016); *United States v. Chen*, No. 21-CR-250 (JRT/TNL), 2023 WL 3719467, at *18 (D. Minn. Mar. 9, 2023), *report and recommendation adopted*, No. CR 21-250 (JRT/TNL), 2023 WL 3597904 (D. Minn. May 23, 2023).

Moreover, the risk in a duplicitous count "may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act." *Chen,* 2023 WL 3719467 at *18 (citing *Karam*, 37 F.3d at 1286 and *United States v. Yielding*, 657 F.3d 688, 702-03 (8th Cir. 2011)). *See also United States v. Rabinowitz,* 56 F.3d 932, 933 (8th Cir.1995) (holding that any possible risk of duplicity by charging a single conspiracy with more than one objective can be cured with a proper instruction to the jury).

## Conclusion

For these reasons, the Court should deny Defendant Roberts's Motion To Dismiss Count One.

Respectfully submitted,

Date: October 22, 2026

DANIEL N. ROSEN
United States Attorney
District of Minnesota

COLIN M. MCDONALD
Assistant Attorney General
National Fraud Enforcement Division
United States Department of Justice

By: */s/ Raymond E. Beckering III*
Raymond E. Beckering III
Trial Attorney
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
202-262-8176
Raymond.Beckering.III@usdoj.gov