UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CASE 0:25-cr-00351-JWB-JFD

CHRISTOPHER FALADE,

Defendant

**UNITED STATES' BRIEF IN RESPONSE TO DEFENDANT CHRISTOPHER FALADE'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM SAMSUNG GALAXY CELL PHONE**

## Introduction

Defendant Christopher Falade ("Defendant") moves to suppress evidence seized from a Samsung Galaxy cell phone pursuant to a federal search warrant. Because the affidavit establishes a sufficient nexus between the evidence of criminal conduct sought by the search warrant and the cell phone seized from Defendant upon his arrest, the Court should deny the motion.

## Argument

### I. LEGAL STANDARD

Defendant bears the burden of proving a warrant was issued without probable cause. *Carter v. United States*, 729 F.2d 935, 940 (8th Cir. 1984) ("As a general rule, the burden of proof is on the defendant who seeks to suppress evidence") (*citing United States v. Phillips*, 540 F.2d 319 (8th Cir. 1976)). "In doubtful or marginal cases, the resolution of the Fourth Amendment question

should be determined to a large extent by the preference accorded to searches based upon warrants." *United States v. Leichtling*, 684 F.2d 553, 555 (8th Cir. 1982) (*quoting United States v. Christenson*, 549 F.2d 53, 55 (8th Cir. 1977)); s*ee also United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) ("Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.").

"In assessing whether a warrant is sufficiently particular, [courts] consider the purpose for which the warrant was issued, the nature of the items to which it is directed, and the total circumstances surrounding the case." *United States v. Ivey*, 91 F.4th 915, 918 (8th Cir. 2024) (citation omitted). The particularity requirement "is one of 'practical accuracy rather than a hypertechnical one.' " *Id.* (quoting *United States v. Schave*, 55 F.4th 671, 675 (8th Cir. 2022)). "Common sense" drives the inquiry into whether probable cause exists, and the ultimate determination cannot be "readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 231-32, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "'[T]his practical and common-sensical standard' is based on 'the totality of the circumstances.' " *United States v. Zamora-Garcia*, 831 F.3d 979, 983 (8th Cir. 2016) (alteration in original)

(quoting *Florida v. Harris*, 568 U.S. 237, 244, 133 S.Ct. 1050, 185 L.Ed.2d 61 (2013)).

Further, a magistrate's determination of probable cause should be paid great deference by reviewing courts." *Gates*, 462 U.S. at 236 (citation and internal quotation marks omitted); *see also United States v. Hallam*, 407 F.3d 942, 948 (8th Cir. 2005) ("In reviewing the issuance of a warrant, a district court need not make a *de novo* inquiry into the existence of probable cause."). "The Fourth Amendment requires that the issuing 'magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing.' " *United States v. Maccani*, 49 F.4th 1126, 1130 (8th Cir. 2022) (quoting *Gates*, 462 U.S. at 236). *see also United States v. Johnson*, 848 F.3d 872, 876 (8th Cir. 2017) ("The role of a reviewing court is to ensure the magistrate issuing the warrant 'had a "substantial basis for concluding that probable cause existed" ' ") (quoting *United States v. Colbert*, 828 F.3d 718, 726 (8th Cir. 2016), in turn quoting *United States v. Garcia-Hernandez*, 682 F.3d 767, 771 (8th Cir. 2012))). "The issuing court's probable cause determination 'should be paid great deference by reviewing courts.' " *Johnson*, 848 F.3d at 876 (quoting *United States v. Brewer*, 588 F.3d 1165, 1170 (8th Cir. 2009)).

A search warrant application must also establish a nexus between evidence of a crime and the place to be searched, such that there is a "fair probability" to believe evidence will be found in the place. *United States v.*

*Tellez*, 217 F.3d 547, 550 (8th Cir. 2000). The "requisite nexus" between the place to be searched and the evidence sought depends on the nature of the crime, reason, and logic. *United States v. Etheridge*, 165 F.3d 655, 657 (8th Cir. 1999).

The good-faith exception to the exclusionary rule as articulated in *United States v. Leon,* 468 U.S. 897, 922 (1984), __________. *See also United States v. Clay,* 646 F.3d 1124 (8th Cir.2011) ("[T]he exclusionary rule should not be applied so as to bar the admission of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate, even if that search warrant is later held to be invalid." (citing *Leon,* 468 U.S. at 900)). Thus, "[a]lthough 'there must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue,' *United States v. Tellez,* 217 F.3d 547, 550 (8th Cir.2000), we have held that an officer executing a search warrant may rely in the permissibility of the issuing judge's inference that such a nexus exists when that inference has 'common sense appeal,' *see United States v. Carpenter,* 341 F.3d 666, 671–72 (8th Cir.2003)." *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008).

## II. THE AFFIDAIVT ESTABBLISHED A SUFFICIENT NEXUS BETWEEN THE EVIDENCE SOUGHT AND THE SAMSUNG GALAXY CELL PHONE SEIZED FROM DEFENDANT UPON HIS ARREST.

Defendant does not challenge probable cause regarding the alleged crimes; rather he asserts that the affidavit in support of the search warrant of the cellular phone did not establish probable cause that evidence of the alleged crimes would be found on the particular cell phone possessed by Defendant at the time of his arrest. Specifically, while the affidavit set forth that Defendant utilized a Samsung Galaxy smartphone as part of his co-management of Faladcare, Defendant contends the affidavit does not sufficiently establish that evidence of the alleged crimes would be found on the specific Samsung Galaxy smartphone phone possessed and used by Defendant at the time of his arrest. As set forth below, the Federal Magistrate Judge correctly determined that there was probable cause that crimes occurred and that the Samsung Galaxy smartphone possessed by Defendant at the time of his arrest was both an instrumentality of those crimes and would contain evidence of the crimes.

### A. There is No Dispute Regarding The Probable Cause that Defendant Utilized a Samsung Galaxy Smartphone and that Such Smartphone Would Both Be an Instrumentality of the Alleged Crimes and Contain Evidence of The Crimes.

Defendant does not contest that the application's first seventy paragraphs establish probable cause that Defendant was involved in a fraud

scheme involving Housing Stabilization Services through at least May 2025. Search Warrant Application ("SW App") at ¶¶ 47 and 56. The application further sets out that the investigation demonstrated that Defendant routinely used a Samsung Galaxy smartphone as part of his co-management of Faladcare. Specifically, the application set forth the following:

> The investigation indicates that as part of his co-management of Faladcare, Christopher Falade routinely used a Samsung Galaxy smartphone. This is indicated by many emails obtained by law enforcement.

SW App., ¶ 85. In support of the assertion that the investigation revealed Defendant's routine use of a Samsung Galaxy smartphone, the affiant attached, as an "example", an email involving Faladcare business that indicted it was "Sent from my Verizon, Samsung Galaxy Smartphone."

**From:** Chris Falade <cfaladus@gmail.com>
**To:** Josh Chacon <jchacon@hiway.org>
**Subject:** Re: [External] CamScanner 07-31-2023 12.06.pdf
**Date:** Thu, 3 Aug 2023 18:26:17 +0000
**Inline-Images:** image001.png; image002.png; image755249.png; image958728.png

---

Faladcare is ready to sign the lease starting October 1st 2023.

The Airbnb Unit will still be rented while Faladcare Inc moves in.

Thanks

Chris

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

SW App, ¶ 85.

The application then addressed the circumstances of Defendant's arrest and established that a Samsung Galaxy smartphone was both in his possession and belonged to him. The application set forth that at the time of his arrest: Defendant "asked that his wife . . . provide the agents on the scene with his – Christopher's – cell phones; "Agents permitted Christopher's wife to retrieve two cell phones, a Samsung and an iPhone, from with the residence . . ."; "While at Woodbury PD, Christopher Falade told one or more agents that the two cell phones were his"; that Defendant was allowed to use the Samsung Galaxy smartphone to email his lawyer; and attempted to use a "Cash App" application on this smartphone to "transfer funds to pay for a lawyer." SW App, ¶¶ 73-82.

**B. The Magistrate Judge Correctly Determined That There Was a "Fair Probability" To Believe That Defendant's Samsung Galaxy Smartphone Would Contain Evidence of the Crimes.**

Defendant contends, without reference to any apposite case law, that the Magistrate Judge incorrectly determined that there was a fair probability that Defendant's Samsung Galaxy smartphone would contain evidence of the crimes because of the possibility that Defendant replaced his Samsung Galaxy smartphone with another Samsung Galaxy smartphone. The application set forth that the investigation revealed that Christopher Falade "as part of his co-management of Faladcare . . . routinely used a Samsung Galaxy smartphone

. . . [as] indicated by many emails obtained by law enforcement." SW App., ¶ 85. Defendant focuses on the "example" utilized by the affiant, emphasizing that it is an email sent in 2023. However, as explicitly set forth by the affiant, this was merely example of the more broad investigative determination that the Defendant "routinely used a Samsung Galaxy smartphone," a factual assertion to which Defendant has not contested its veracity. Consequently, on its face, Defendant's challenge does not withstand scrutiny.

But even if one were to ignore the totality of the circumstances set forth in the application about Defendant's routine use of a Samsung Galaxy smartphone, the fact that Defendant possessed and utilized the exact type of phone two years later still provided the Magistrate with the "fair probability" that evidence would be found on the smartphone based on "the nature of the crime, reason, and logic." *Etheridge*, 165 F.3d at 657. First, while it is certainly possible that a person can replace a cell-phone with the exact type of cell-phone, that possibility neither diminishes the "fair probability" that one may still have the same phone. Nor does that mere replacement possibility eliminate the fact that the same evidence may be found on a replacement phone. *See, e.g., United States v. Langford*, No. CR-21-216-RAW, 2022 WL 906035, at *3, n.5 (E.D. Okla. Mar. 28, 2022) ("The Defendant also argues that Detective Cummings failed to provide any reason to believe that the Defendant's phone was the same one she used approximately two years ago

when the alleged offenses occurred.  The court is not convinced. The court is to apply common sense in determining these issues. The search warrant was issued in June of 2020. Even if the Defendant had replaced her phone between 2017 and 2020, by these dates and in today's world, information from an old phone is commonly transferred to a new phone.").

Thus, in considering all the circumstances set forth in the application, the Magistrate Judge correctly determined that there was the requisite nexus between the evidence sought and the Samsung Galaxy smartphone in Defendant's possession at the time of his arrest.

III. Fff

Even if the Court were to conclude the application did not establish the requisite nexus, any evidence seized from the phone would should nonetheless be admissible under the good-faith exception to the exclusionary rule. *United States v. Leon,* 468 U.S. 897, 922 (1984); s*ee also United States v. Clay,* 646 F.3d 1124 (8th Cir.2011) ("[T]he exclusionary rule should not be applied so as to bar the admission of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate, even if that search warrant is later held to be invalid." (citing *Leon,* 468 U.S. at 900)).

Defendant contends that the application is so lacking in indicia of probable cause as to render official belief in its existence entirely

unreasonable." (Memorandum in Support, Doc. No. 121, p. 5 (*citing United State v. Proell*, 485 F.3d 427, 431 (8th Cir. 2007). Here, there is no challenge to the probable cause set forth in the application but rather a contention that the application set forth a sufficient nexus between the evidence sought and the place or item to be searched. But the Eighth Circuit has "held that an officer executing a search warrant may rely in the permissibility of the issuing judge's inference that such a nexus exists when that inference has 'common sense appeal,' *see United States v. Carpenter,* 341 F.3d 666, 671–72 (8th Cir.2003)." *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008).

In this case, the application contained statements about Defendants' routine use of a Samsung Galaxy smartphone and provided a specific example of that use involving the business of Faladcare. The application also set out a detailed recitation connecting Defendant to the exact make and model of a smartphone literally in Defendant's possession (including statements that it was his smartphone). The totality of these facts and circumstances supported the Magistate Judge's determination and provided the executing affiant and agents with the sort of "common sense appeal" further supporting their reasonable reliance on the issuance of the search warrant.

## **Conclusion**

For these reasons, the Court should deny Defendant Roberts' Motion To Dismiss Count One.

Respectfully submitted,

Date: October 22, 2026

DANIEL N. ROSEN
United States Attorney
District of Minnesota

COLIN M. MCDONALD
Assistant Attorney General
National Fraud Enforcement Division
United States Department of Justice

By: *<u>/s/ Raymond E. Beckering III</u>*
Raymond E. Beckering III
Trial Attorney
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
202-262-8176
Raymond.Beckering.III@usdoj.gov